UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDUARD GALPER                                    Index No:

                 Plaintiff,                **COMPLAINT**


CLIENT SERVICES, INC.,

                 Defendants.
------------------------------------------------------------X

Plaintiff EDUARD GALPER ("Plaintiff") by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~

id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's claims is invoked pursuant to 28 U.S.C. §1331 and U.S.C §1692k(d).

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

5. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

6. Plaintiff EDUARD GALPER ("Plaintiff") resides in the County of Kings in the State of New York.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. On information and belief, Defendant CLIENT SERVICES, INC., is a Missouri corporation with its principal place of business in St Charles, Missouri.

## FACTUAL ALLEGATIONS

9. Defendant alleges Plaintiff owes a debt ("the Debt").

10. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

12. Thereafter, at an exact time known only to Defendant, the Debt was

assigned or otherwise transferred to Defendant for collection.

13.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter").

14.     The Letter was the initial communication Plaintiff received from Defendant.

15.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed;

(3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  a statement that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

17. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

18. Defendant's communication to Plaintiff did not include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. Defendant's communication to Plaintiff did not include a statement that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. Defendant's communication to Plaintiff did not include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Defendant's communication to Plaintiff failed to comply with 15 U.S.C. § 1692g.

22. Defendant's communication to Plaintiff failed to include a statement required by 15 U.S.C. § 1692g(a)(4).

23. Defendant's communication to Plaintiff failed to include a statement required by 15 U.S.C. § 1692g(a)(5).

24. Further, the Letter states in pertinent part: "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.*"

25. Moreover, The Letter states, "Re: CHASE BANK USA, N.A."

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

28. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

29. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

30. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

31. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

32. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

33. A debt collector has the obligation not just to convey the name of the

creditor to whom the debt is owed, but also to convey such clearly.

34. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

35. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

36. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

37. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

38. The Letter fails to indicate whether the "Re:" refers to the account owner.

39. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

40. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

41. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

42. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

43. The Letter fails to indicate who referred the account to Defendant.

44. The Letter fails to indicate who Defendant represents.

45. The Letter fails to indicate who is Defendant's client.

46. The Letter demands payment be made to Defendant.

47. The Letter indicates that checks should be made payable to Defendant.

48. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

49. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

50. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

51. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

52. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

54. The least sophisticated consumer would likely be deceived by the Letter.

55. The least sophisticated consumer would likely be deceived in a material way by the Letter.

56. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15

## 15 U.S.C. §1692g *et seq.*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated provisions of the FDCPA, including, 15 U.S.C. § 1692g.

59. Pursuant to 15 USC §1692g, a debt collector, Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

   1. The amount of the debt;

   2. The name of the creditor to whom the debt is owed;

   3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

   4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and A statement that, upon the consumer's written request within the thirty-

day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

60. The Defendant violated 15 U.S.C. §1692g.

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15

### 15 U.S.C. §1692e *et seq.*

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. The Defendant violated 15 U.S.C. §1692e.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT III

### 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A) & 1692f

65. Plaintiff repeats, reiterates and incorporates the allegations contained herein with the same force and effect as if the same were set forth at length herein.

66. Sections 1692e, 1692e(10), and 1692e(2)(A), of Title 15 of the U.S. Code, prohibit false, misleading or deceitful statements in collection communications.

67. Section 1692f prohibits debt collectors from using unconscionable or unfair means in connection with the collection of a debt.

68. A collection notice that may confuse or mislead the least sophisticated consumer is deceptive under the FDCPA, such as where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996); *accord Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3rd Cir. 2006); *Kistener v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (conditional language on liability such as "may" or "if" may render a true statement misleading).

69. According to guidance published by the Consumer Financial Protection Bureau (hereinafter "CFPB"), a debt collector's representation to a consumer that paying debts may improve the consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive. CFPB Bulletin 2013-08 – Representations Regarding Effect of Debt Payments on Credit Reports and Scores (July 10, 2013). *available at:* http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf.

70. "The CFPB has authority to issue substantive rules for debt collection under the FDCPA." *Zweigenhaft v. Receivables Performance Mgmt., LLC*, No. 14 CV 01074 (RJD)(JMA), 2014 U.S. Dist. LEXIS 160441, at *9 n.2 (E.D.N.Y. Nov. 13, 2014).

71. Courts appropriately consider guidance in CFPB Bulletins and other publications to determine whether a given statement or communication violates the FDCPA. *See, e.g., Zweigenhaft*, 2014 U.S. Dist. LEXIS 160441; *Bautz v. ARS Nat'l*

*Servs.*, 226 F. Supp. 3d 131, 148 n.7 (E.D.N.Y. 2016); *Portalatin v. Blatt*, 125 F. Supp. 3d 810, 816 (N.D. Ill. 2015) (*citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 130 S. Ct. 1605 (2010)). *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 573 (S.D. Tex. 2015); *Buchanan v. Northland Grp.*, 776 F.3d 393, 398 (6th Cir. 2015); *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7369, 2015 U.S. Dist. LEXIS 172439, at *9 (N.D. Ill. Dec. 29, 2015).

72. Courts frequently adjure debt collectors to look to consumer protection agencies for compliance with the FDCPA, as the rules, guidance and advisory opinions issued by these agencies are supported by extensive scientific studies and research to determine whether certain collection practices are likely to deceive the least sophisticated consumer. *See, e.g.*, *Bautz*, 226 F. Supp.3d at 148 n.7; *Portalatin*, 125 F. Supp. 3d at 816 (*citing Jerman*, 559 U.S. 573 (2010)) ("the whole point of authorizing the CFPB to produce advisory opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA."); *Hasenmiller*, 2015 U.S. Dist. LEXIS 172439, at *9 (Section 1692k(e) "provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision").

73. Defendant's September 6, 2017 letter is misleading and deceptive viewed from the perspective of the least sophisticated consumer, in that it implies that the consumer may enhance his likelihood of approval for credit products by paying the claimed debt in full rather than the reduced settlement amount.

74. The language at issue states: *"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."*

75. This language falsely implied that if the Plaintiff does the converse -- that is, pays the claimed balance in full rather than agreeing to the lesser settlement amount -- Plaintiff could enhance her likelihood of receiving future credit products from Chase Bank or improve her overall creditworthiness.

76. Thus, Defendant's Letter violates Section 1692e(10) of the FDCPA when viewed from the perspective of the "least sophisticated consumer," by falsely implying that payment in-full (rather than settlement) of the claimed debt would have enhanced her likelihood of receiving future credit products or enhanced her overall creditworthiness.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

3. Awarding pre-judgment interest and post-judgment interest; and

4. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 10, 2018                             Respectfully submitted,

                                                NAYDENSKIY LAW FIRM LLC

                                                <u>s/ Gennadiy Naydenskiy</u>
                                                Gennadiy Naydenskiy (GN5601)
                                                281 Summerhill Rd, Suite 210
                                                East Brunswick, NJ, 08816
                                                (718) 808-2224
                                                naydenskiylaw@gmail.com
                                                *Attorney for Plaintiff*